[S. F. No. 5614.    In Bank.—June 23, 1910.]

## JOHN H. DAWSON, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF KINGS, Respondent.

PROHIBITION—CONCURRENT JURISDICTION OF SUPREME AND DISTRICT COURTS OF APPEAL—JUDGMENT OF DISTRICT COURT DENYING APPLICATION ON THE MERITS A BAR.—Under the constitution, the district court of appeal has concurrent jurisdiction with the supreme court in original proceedings for a writ of prohibition, and a judgment of the district court of appeal, denying an application for the writ on its merits, is a bar to a subsequent application in the supreme court.

ID.—TRANSFER OF CASE TO SUPREME COURT FOR REVIEW.—In such cases, if the applicant desires the intervention of the supreme court in the matter, the only effectual method of obtaining it is by application for a transfer of the case to that court for a reconsideration and decision.

APPLICATION for a Writ of Prohibition directed to the Superior Court of Kings County.    John G. Covert, Judge.

The facts are stated in the opinion of the court.

Dixon L. Phillips, J. L. C. Irwin, Maurice E. Power, and Robert W. Miller, for Petitioner.

H. Scott Jacobs, and Choynski & Humphreys, for Respondent.

THE COURT.—It appears in this case that an application for a writ of prohibition against the respondent was made to the district court of appeal of the second district on May 23, 1910; that an alternative writ was issued therein, and that on June 13, 1910, the said district court gave judgment denying the application on its merits. Under the constitution the district court has concurrent jurisdiction with the supreme court in original proceedings of this character. A judgment by that court is therefore an adjudication of the matters set forth in the petition. If this court should entertain a distinct application of the same character the petitioner would be met by an answer alleging the former adjudication in the district court, and that adjudication would be a bar. In such cases if the applicant desires the intervention of this court in the matter,

the only effectual method of obtaining it is by application for a transfer of the case to this court for a reconsideration and decision. If the district court had decided the case without an adjudication upon the merits, perhaps its judgment would not be a bar, but petitioner's application shows that the adjudication of that court was a decision upon the merits.

For these reasons the application for a writ is denied.