[L. A. No. 4571.    Department One.—November 18, 1918.]

LIBBY FRIEDMAN et al., Respondents, v. SOUTHERN CALIFORNIA TRUST COMPANY (a Corporation), et al., Appellants.

SOUTHERN CALIFORNIA TRUST COMPANY (a Corporation), Cross-Complainant and Appellant, v. LIBBY FRIEDMAN et al., Cross-defendants and Respondents.

ACTION TO RECOVER POSSESSION OF LAND — PURCHASE WITH KNOWLEDGE OF BOUNDARY—SUFFICIENCY OF EVIDENCE.—In an action to recover possession of certain land with damages for its withholding, a finding that at the time of the purchase by the defendant of its property, the latter did not believe that a certain fence marked the division line between its property and the adjoining property, part of which was the subject of the dispute, is sustained by the fact that in the deed to the defendant, as well as in a recorded map referred to therein, the boundary in question was a straight line, which might reasonably be supposed defendant had knowledge of, instead of a broken line which defendant claims to have believed to be the boundary, the divergence of the latter line from that in the deed being apparent upon a mere inspection of the premises.

ID.—BOUNDARY LINE—ESTOPPEL.—That a grantor may be estopped from showing the true line of property conveyed by him, where he has misled the grantee into the belief that the line is located elsewhere, is not to be questioned; but it is of the essence of an estoppel that the party asserting it shall have been deceived by and relied upon the representation.

ID.—AGREED BOUNDARY—KNOWLEDGE OF REAL LINE.—The fact that a party did not believe when it purchased its property that the line which it contends for was the real boundary line is fatal to the application of the rule of agreed boundaries, for this doctrine can be invoked only where adjoining owners, being uncertain of the actual position of the boundary described in their deeds, agree to its true location.

ID.—ADVERSE POSSESSION.—Title by adverse possession in such a case cannot be sustained where it appears that defendant paid no taxes except those assessed upon the land described by its deed.

ID.—DESCRIPTION.—In an action to recover possession of land, the complaint and findings are both open to criticism where they declare that defendants are in possession of a "part" of the property claimed without specifying the particular part so occupied; but this does not affect the substantial rights of the parties where the defendant

in its pleadings asserts a right to the possession of the whole tract in dispute, and the record shows that the plaintiff is entitled to the entire parcel and the judgment awards it to her, without damages.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wheeler & Sweet, and Henry O. Wackerbarth, for Appellants.

Meserve & Meserve, and J. D. Taggart, for Respondents.

SLOSS, J.—Action to recover possession of a parcel of land in the city of Los Angeles, with damages for its withholding. The plaintiffs had judgment for restitution of the premises, without damages. The defendants appeal from the judgment. They also attempt to present an appeal from the order denying their motion for a new trial, but, when their notice was filed, the law no longer permitted appeals from such orders. (Code Civ. Proc., sec. 963, amd. 1915.)

The plaintiffs are husband and wife. The wife (Libby) is the sole party in interest, and we shall refer to her as "the plaintiff" or "the respondent." So, too, Southern California Trust Company may be designated as "the defendant" or "the appellant," since all other defendants and appellants claim merely as its tenants.

The plaintiff and the defendant are owners of adjacent parcels of land. The location of their holdings and of the land in controversy may be illustrated by the following diagram, which reproduces in a rough way, but with sufficient accuracy for our purpose, a plat offered in evidence.

Plaintiff is the owner of tract 1, defendant of tract 2. The land in dispute is tract 3, represented on the diagram by shading, and inclosed by lines connecting the points A, B, C, D, and D'. All of the land shown belonged at one time to I. I. Dehail, and passed from him by mesne conveyances to S. S. Federman. Federman conveyed parcel 2 to A. J. Brown, who subsequently conveyed it to the defendant. The plaintiff was the wife of Federman, and, upon his death, succeeded to his title to parcel 1, which was, in due course, distributed to her. The deed from Federman to Brown, and that from Brown to the defendant, described parcel 2 so as to

make its northerly boundary the line A–E. The description in these deeds did not include any part of tract 3, all of which is embraced within the boundaries of tract 1, retained by Federman and passing from him to his widow, the plaintiff. The plaintiffs, accordingly, had a clear record title to the land here in controversy.

Conceding this, the defendant asserts ownership of the disputed premises by adverse possession, by estoppel, and by virtue of the doctrine of agreed boundary. These claims may be considered together, as all three rest upon the same state of facts, shown or claimed to have been shown by the defendant.

On its southerly line (H–G), tract 2 fronts on First Street. That tract is occupied by a brick building, which covers the entire width of the parcel from its street frontage to the dotted line (A–F). Attached to the rear of this structure is a wooden porch with stairways, which covers the part of the lot not covered by the brick building, and extends, so far, at least, as the stairways are concerned, over a part of tract 3, to the line D–D'. A high board fence had been built along the lines A–B–C. The line C–D runs along the easterly side of an oil tank, which lay within the corner C. The space back of the building, thus inclosed by the fence and the tank, was

floored with brick or cement, and in it there stood a toilet, which was used (but probably not to the exclusion of those in possession of tract 1) by the tenants occupying the brick building. These conditions had existed from the time of Dehail's ownership of the entire property, and continued at the time this action was tried. The defendant claims, and alleged by answer and cross-complaint, that when Federman sold tract 2 to Brown he represented to his grantee that the fence line (A–B–C) marked the boundary line dividing tracts 1 and 2; that Brown bought on the faith of this representation; that Brown in selling to the defendant had made the same statement, and that the defendant believed the fence to be the dividing line, and would not, except for such belief, have purchased the property. It was further alleged that the defendant had at all times occupied the disputed premises and paid all taxes assessed thereon.

The findings of the court were against these defenses. It was found that plaintiff was the owner and entitled to the possession of tract 1; that Federman did not, at the time he sold tract 2 to Brown, represent to said Brown that the board fence marked the boundary line between the property conveyed and that retained by Federman; that when Brown conveyed to the defendant he did not represent to said defendant that said board fence was on the dividing line between the parcels, and that it was not true that defendant believed that said fence was the division line between said parcels, and would not have purchased said property if it had not so believed. There is a further finding that the defendants have not, nor have any of them, since the date of the conveyance from Federman to Brown, paid all taxes which have been assessed upon said parcel 3.

These findings are assailed as unsupported by the evidence. It is argued that evidence tending to show the making of the representations relied on by the defendants stands without contradiction in the record. On the other hand, the plaintiff contends that she introduced evidence which had the effect, at least, of raising a substantial conflict. A discussion of this point of difference would be of little importance, since we are satisfied that the evidence fully sustains a further finding which is fatal to the attempted defenses. This finding is the one which declares that the defendant, Southern California Trust Company, did not at the time of its pur-

chase believe that the fence marked the division line between parcels 1 and 2. It is true that an officer of the defendant, who represented it in the purchase, gave testimony to the effect that he did so believe, and that he would not have purchased the property unless he had so believed. The plaintiff was not in a position to offer evidence directly contradicting these declarations of the witness. But facts were shown which warranted the court in drawing the inference embodied in its finding. Thus it appeared that under the description of tract 2 in the deed from Brown to the defendant, together with the recorded map referred to in said deed, the northerly boundary of said tract was a straight line, something over fifty feet in length, running between points A and E, as shown on the foregoing diagram. If, as might reasonably be supposed, the defendant had knowledge of the description of the land which it was contracting to purchase, it was aware that the boundary line dividing its land from that of the plaintiff was a straight line, connecting the side lines of tract 2. But the line marked by the board fence and the oil tank, which it claims to have believed to be the boundary of its property, was not a straight line. It ran from B to C, a distance of some thirty-five feet, to the oil tank above mentioned, then turned southerly, at a right angle, a distance of several feet. This divergence from the line indicated by the deed was apparent upon a mere inspection of the premises. The court below was certainly justified in concluding that a purchaser could not have believed that a straight line of over fifty feet was marked on the ground by a line running straight for only thirty-five feet, then continuing for several feet in a jog or right angle, and finally ending quite a distance short of the apparent width of the lot. It must, therefore, be held that the evidence warranted the finding that the defendant did not believe the dividing line to be the line of the fence.

If this finding be upheld, all of the defendant's claims must fall. That a grantor may be estopped from showing the true line of property conveyed by him, where he has misled the grantee into the belief that the line is located elsewhere, is not to be questioned. (5 Cyc. 936; *Rippey* v. *Harrison,* 66 Wash. 109, [119 Pac. 178].) But it is of the essence of an estoppel that the party asserting it shall have been deceived by and relied upon the representation. (*Boggs* v.

*Merced M. Co.*, 14 Cal. 279, 367; *Nilson* v. *Sarment,* 153 Cal. 524, 531, [126 Am. St. Rep. 91, 96 Pac. 315].)

So, too, the fact, as found by the court, that the defendant did not believe the line of the fence to be the real boundary is fatal to the application of the rule of agreed boundaries. That rule is a familiar one, and has been discussed by this court in a number of cases, of which we may cite a few. (*Sneed* v. *Osborn,* 25 Cal. 619; *Young* v. *Blakeman,* 153 Cal. 477, 483, [95 Pac. 888]; *Price* v. *De Reyes,* 161 Cal. 484, [119 Pac. 893]; *Grants Pass etc. Co.* v. *Brown,* 168 Cal. 456, [143 Pac. 754]; *Silva* v. *Azevedo,* 178 Cal. 495, [173 Pac. 929].) But the doctrine can be invoked only where adjoining owners, being uncertain of the actual position of the boundary described in their deeds, agree upon its true location. "A formal agreement to fix a boundary line is not valid, indeed is void, if the parties know, or one of them knows, that the agreed line is not the true line." (*Clapp* v. *Churchill,* 164 Cal. 741, 745, [130 Pac. 1061].) The validity of such an agreement rests upon the belief and understanding of both parties that they are establishing the true boundary line between their properties. Otherwise their agreement amounts simply to an attempt to convey real property without the formalities required by law for such a grant.

The plea of adverse possession is ineffectual for the same reason. Concededly, the defendant paid no taxes except those assessed upon the land described by its deed. Its claim that by reason of the representations and agreements of the parties the description in the deed should be regarded as extending to the fence is but an attempt, in another form, to invoke the rule of agreed boundaries, and this, as we have seen, cannot be done.

An attack made by the appellant upon one other finding requires brief notice. The description of plaintiff's property (tract 1), as it appears in the complaint differs in phraseology from the description in the findings and judgment. The findings declare that the property therein described is the same property as that described in the plaintiff's complaint. The evidence fully supports this finding; indeed, the transcript shows that the identity of the two descriptions was virtually accepted by both parties as established at the trial.

In view of the conclusions already stated, a consideration

of attacks made on other findings could have no material bearing upon the result.

The complaint and the findings are both` open to criticism in that they declare that the defendants are in possession of "a part" of the property claimed (tract 3), without specifying the particular part so occupied. "In an action for the recovery of real property, it must be described in the complaint with such certainty as to enable an officer, upon execution, to identify it." (Code Civ. Proc., sec. 455.) But the defect was not one affecting the substantial rights of the parties. The defendant in its pleadings asserted a right to the possession of the whole tract in dispute. The record shows that the plaintiff was entitled to the entire parcel, and the judgment awarded it to her. No damages were allowed to the plaintiff. The defendant could not have been prejudiced in any way by the failure of the complaint or the findings to specify the exact land occupied. It was perfectly apparent at the trial that the matter to be litigated and adjudicated was the ownership and the right of possession of the whole of tract 3, and the defect in plaintiff's allegation and in the finding must, therefore, under section 475 of the Code of Civil Procedure, no less than under section 4½ of article VI of the constitution, be disregarded.

There are no other points requiring notice.

The appeal from the order denying a new trial is dismissed. The judgment is affirmed.

Richards, J., *pro tem.*, and Victor E. Shaw, J., *pro tem.*, concurred.