[S. F. No. 15701. In Bank.—June 25, 1936.]

CITY OF SOUTH GATE (a Municipal Corporation) et al., Petitioners, v. CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

Clyde Woodworth, City Attorney (City of South Gate), Delbert A. Hessick, City Attorney (City of Huntington Park), Robert H. Dunlap and George R. Larwill for Petitioners.

Ray L. Chesebro, City Attorney, James M. Stevens, Assistant City Attorney, Ellsworth Meyer, Deputy City Attorney, S. B. Robinson and T. B. Cosgrove for Respondents.

WASTE, C. J.—The petitioning municipalities have filed in this court a "petition for a writ in aid of appellate jurisdiction".

The City of Los Angeles for many years last past has been, and is now, engaged in the business of supplying electric energy to consumers of light, heat and power, and in that capacity receives electric energy for that purpose. It now plans to acquire from, and is under contract with, the United States government to receive a very large amount of the electric energy generated by the government at the power houses at Boulder dam. Such plan calls for the construction, maintenance and operation of a power line from the power house at the dam, capable of conducting a 275,000 volt load of electric energy to the City of Los Angeles. This power line will pass through and over the cities of South Gate and Huntington Park.

The petitioning cities and the City of Los Angeles, not being able to agree on the terms and conditions to which the use of streets in the petitioning cities shall be subject and the location of the power line, the City of Los Angeles brought an action in the Superior Court of Los Angeles County, under the provisions of the act granting to municipal corporations of the state of California the right to construct, operate and maintain (among other utilities) electric power lines, against the cities of South Gate and Huntington Park "to have such terms and conditions and locations determined and adjudicated". (Stats. 1923, chap. 76.) Judgment in this action has been entered. Petitioners have appealed to the District Court of Appeal of the Second Appellate District, and the City of Los Angeles is constructing the power line through the petitioning municipalities under and in accord with the judgment.

■ The respondent city has appeared by demurrer and answer to the petition. At the outset of the hearing, we are confronted with the objection which we consider to be a conclusive answer to the petition. Whether we consider the petition an application for a writ in aid of appellate jurisdiction or one for a *supersedeas* or an injunction pending

the determination on appeal of the cause on its merits, this court has no jurisdiction, and will not proceed in the matter. An appeal from the judgment has been taken to, and is now pending in, the District Court of Appeal. This court, therefore, has no jurisdiction. (*Rosenfeld* v. *Miller,* 216 Cal. 560, 562 [15 Pac. (2d) 161].) We there held the law to be well settled that in this state an appellate court has no jurisdiction to grant a writ of *supersedeas* except in aid of its appellate jurisdiction (citing article VI of the Constitution, and former decisions of this court). Furthermore, a writ of *supersedeas* will not issue to restrain or prevent a party from acting or proceeding under a judgment from which an appeal has been taken, where no process of, or action by, the court below is involved. (*In re Imperial Water Co. No. 3,* 199 Cal. 556, 558 [250 Pac. 394].) That is the case here. (See, also, *Rose* v. *Mesmer,* 131 Cal. 631, 634 [63 Pac. 1010].) The latest reported decision of this court on this subject is *McCann* v. *Union Bank & Trust Co.,* 4 Cal. (2d) 24 [47 Pac. (2d) 283]. This court was there asked to issue, in the exercise of its inherent power, a writ of *supersedeas* and an order restraining the enforcement of a judgment pending the determination of an appeal from an order made by the superior court in another action between the same parties. The decision has direct application to the cause now here.

Finally, the District Court of Appeal, to which the cause was appealed, has entire jurisdiction. It is the settled rule that this court will not entertain applications in original proceedings in cases on appeal in the District Court of Appeal unless and until the cause be transferred to this court. (*Dawson* v. *Superior Court of Kings County,* 158 Cal. 73 [110 Pac. 479]; *Cosgrave* v. *Donovan,* 52 Cal. App. 625 [199 Pac. 808, 810].)

The petition is, therefore, denied.

Curtis, J., Shenk, J., Thompson, J., Seawell, J., and Langdon, J., concurred.