[Civ. No. 3153.    First Appellate District, Division One.—October 30, 1919.]

AMBROSE TAYLOR et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO and GEORGE A. STURTEVANT, Judge, etc., Respondents.

[1] SUPERSEDEAS—SATISFACTION OF JUDGMENT—ORDER SETTING ASIDE —APPEAL—STAY OF PROCEEDINGS.—On an appeal from an order setting aside a satisfaction of judgment, the remedy of *supersedeas* cannot be invoked to stay proceedings upon the judgment.

[2] ID.—POWER OF APPELLATE COURT TO STAY LEVY.—The appellate court is without power to stay the levy of an execution upon a judgment where there is no appeal from the judgment before them.

[3] ID.—PROPER PROCEDURE TO STAY LEVY.—Where on an appeal from an order setting aside a satisfaction of judgment it is desired to stay proceedings upon the judgment, the appellants should either make an application to the court in which the action is pending for a stay of proceedings upon the judgment on the ground that the effect of the appeal is of itself to stay the operation of the order, or, if the court refuses to grant that relief, then to begin some appropriate action to enjoin the execution of the judgment upon the ground that as a matter of law the execution of the judgment has been stayed by virtue of section 949 of the Code of Civil Procedure.

APPLICATION for a Writ of Supersedeas to be directed against the Superior Court of the City and County of San

Francisco and George A. Sturtevant, Judge thereof, to stay proceedings upon a judgment. Dismissed.

The facts are stated in the opinion of the court.

Fred C. Peterson for Petitioner.

Lincoln E. Savage and H. M. Anthony for Respondents.

THE COURT.—Application for a writ of *supersedeas.* A judgment having been entered by the superior court against the petitioners, satisfaction thereof was entered, which, upon motion, was set aside. An appeal has been taken from the order of the court setting aside said satisfaction of judgment, and in the meantime the petitioners seek by an application to this court for a writ of *supersedeas* to stay proceedings upon the judgment.

[1] Upon an examination of the section of the code, section 940 of the Code of Civil Procedure, under which it is claimed this application may properly be made, the court is disposed to the view that the remedy of *supersedeas* sought to be invoked cannot be availed of here. The section mentioned provides that the perfecting of an appeal in the manner provided by the provisions of the sections of the code stays proceedings in the court below upon the judgment or order appealed from. Now, of course, if there are any proceedings upon the specific order appealed from, those proceedings would be stayed by the operation of the section; but if there are no proceedings upon the order appealed from, then, of course, there can be no stay of proceedings accomplished by the writ of *supersedeas.* Now, in the case at bar, there are no proceedings upon the specific order appealed from. That order merely sets aside the satisfaction of judgment; and that order, when made, requires no further proceedings for its execution. It is complete and final in itself. The proceedings which counsel is seeking to have stayed are the execution of the judgment itself, but those proceedings have nothing to do with the order which is appealed from in this case.

The question under consideration has, we think, been finally passed upon by the supreme court of this state in *Bateman* v. *Superior Court,* 139 Cal. 140, 144, [72 Pac. 922]. We are

unable to escape from the conclusions reached in that case nor from the reasoning upon which they are placed. We cannot conceive what possible form a writ of *supersedeas,* if issued in this case, would take so as to give it the effect which the petitioners desire. The broadest form which such a writ could take would be the form indicated by the language of section 949 of the Code of Civil Procedure. The utmost that could be obtained by the issuance of the writ would be a stay of proceedings upon the order appealed from. Now, there are no proceedings upon that order which could be stayed. The order has been entered. No further proceedings are necessary to make it effective, and the only proceedings which are sought to be stayed are those which would follow the issuance and levy of a writ of execution upon the judgment, which has not been appealed from. [2] We have no power to stay the levy of an execution upon the judgment in this case because there is no appeal from that judgment before us. [3] It seems to us, therefore, that the petitioners have mistaken their remedy, and that their proper procedure is either to make an application to the court in which the action is pending for a stay of proceedings upon the judgment on the ground that the effect of the appeal is of itself to stay the operation of the order, or, if the court refuses to grant that relief, then to begin some appropriate action to enjoin the execution of the judgment upon the ground that as a matter of law the execution of the judgment has been stayed by virtue of section 949 of the Code of Civil Procedure.

For these reasons the demurrer to the petition is sustained and the writ dismissed.