[Civ. No. 4334. Second Appellate District, Division One.—June 15, 1923.]

ERNEST J. LICKLEY, Appellant, v. THE COUNTY BOARD OF EDUCATION OF LOS ANGELES COUNTY et al., Respondents.

[1] SUPERSEDEAS — HEARING OF CHARGES BY BOARD OF EDUCATION — DENIAL OF WRIT OF PROHIBITION—APPEAL.—The appellate court has not the power to issue a writ of *supersedeas* to restrain a county board of education from proceeding with the hearing of charges against the petitioner during the pendency of his appeal from a judgment of the superior court denying his application for a writ of prohibition to restrain said board of education from proceeding in the matter, on the ground of alleged bias, hatred, and prejudice of three members thereof toward petitioner.

APPLICATION for a Writ of Supersedeas to prevent a county board of education from hearing charges against petitioner. Arthur Keetch, Judge. Writ denied.

The facts are stated in the opinion of the court.

Joseph Scott and A. G. Ritter for Appellant.

A. J. Hill, County Counsel, Edward T. Bishop, Assistant County Counsel, and Haas & Dunnigan, for Respondents.

CONREY, P. J.—The plaintiff applied to the superior court for a writ of prohibition to restrain and prohibit the defendants from hearing or taking any further proceedings in connection with the hearing of certain charges filed with the county board of education of the county of Los Angeles against the plaintiff. In the petition for prohibition it was alleged that three certain members of the board were disqualified from hearing said charges by reason of bias, prejudice, and hatred toward the petitioner, and that said members prior to the hearing have determined out of such personal bias, hatred, and prejudice, to revoke the certificates of the petitioner as a teacher, regardless of the sufficiency or insufficiency of the charges made against him or of any testimony in support thereof.

In their return to the writ respondents denied that said members have any prejudice against the petitioner, and denied that they have for said reasons or at all determined what action will follow the hearing of said charges.

Treating the return as constituting a demurrer as well as an answer, the court entered an order that the demurrer be sustained. Thereupon, the court entered judgment wherein it was recited that it appeared to the court that the petition does not state facts sufficient to warrant the relief demanded, and ordered that the petition be denied. From this judgment the plaintiff appealed, and the transcript on appeal is now on file in this court.

Appellant has now made application to this court for a writ of *supersedeas*. It is alleged that respondents are threatening to, and unless restrained from so doing will, proceed with the hearing upon said charges, and "that unless said proceedings before said board are stayed pending the disposition of this appeal, the relief sought by petitioner on this appeal will be of no avail." [1] The single question presented at the hearing of this application relates to the power of this court by writ of *supersedeas* to prevent

respondents from proceeding with the hearing of said charges against appellant during the time of pendency of the appeal.

An alternative writ of prohibition was issued in the court below. Respondents contend that upon the entry of judgment in the action the alternative writ ceased to be effective and that the judgment itself is not a judgment which either requires or prohibits the doing of any act. Therefore, they say that there is nothing upon which a writ of *supersedeas* could operate. This contention appears to be sustained by the decisions in this state. Thus, in *Southern Pac. Co. v. Smith,* 171 Cal. 8 [151 Pac. 426], the supreme court said: "The situation is simply that the superior court by final judgment has denied the injunctive relief sought, refusing to make any provision in such judgment by way of injunctive relief pending appeal. Any temporary injunction previously granted *ipso facto* terminated with the giving of judgment on the merits denying an injunction, unless in some way maintained by express provision in such judgment. It is thoroughly settled by our rulings that to grant any such relief as is here sought would not be relief in aid of our appellate jurisdiction, and that under our constitutional and statutory provisions we have no original jurisdiction in injunction matters." We do have original jurisdiction to issue writs of prohibition, but in cases which originated in the superior court, and which are here only on appeal, we have no such original jurisdiction.

In the *Matter of M. O. Graves, ante,* p. 168 [216 Pac. 386], recently decided by division two of this district, appellant applied for *supersedeas* to stay, pending appeal, a superior court judgment of suspension from practice of law. The court held that a writ of *supersedeas* "will only be issued to restrain *proceedings upon* the judgment from which the appeal has been taken. . . . The general rule, therefore, is that *supersedeas* will not issue where the judgment does not command or permit any act to be done, or where it is not of a nature to be actively and affirmatively enforced by execution or otherwise."

In *Wood v. Board of Fire Commrs.,* 50 Cal. App. 594 [195 Pac. 739], appellant applied for a *supersedeas* during the pendency of his appeal from a judgment of the superior court denying a writ of prohibition against the board of

fire commissioners of the city of Los Angeles. In denying this application the court pointed out that the action sought to be enjoined by means of the *supersedeas* was not in execution of the judgment, but was entirely distinct and separate therefrom. "The superior court adjudged merely that the plaintiff was not entitled to any relief, and no process of the court is necessary to carry its judgment into effect. There is, therefore, nothing to supersede, and the writ would be ineffectual for any purpose. (*Tyler* v. *Presley*, 72 Cal. 290 [13 Pac. 856].)"

The granting of the writ applied for in the case at bar, even though it were called a writ of *supersedeas*, would in legal effect be the granting of an alternative writ of prohibition, as if this court could now exercise original jurisdiction, although the case is here solely for the purposes of appeal. This we think that this court is without authority to do.

Counsel for appellant have brought to our attention a decision of the supreme court of the state of Washington, which appears to sustain their contention. (*State* v. *Board of Education of City of Seattle*, 19 Wash. 8 [67 Am. St. Rep. 706, 40 L. R. A. 317, 52 Pac. 317].) In that action appellant sought to obtain from the superior court a writ of prohibition to halt a trial of charges against him as superintendent of public schools, it being alleged that one of the board of directors of the school district was disqualified by prejudice, etc., against appellant. An alternative writ issued, and thereafter the court sustained a demurrer to the petition and entered judgment in favor of the defendants. The plaintiff appealed and applied for a writ of *supersedeas*. The supreme court held that in the exercise of its discretion, by virtue of its inherent power as an appellate tribunal, it had authority to issue an order of *supersedeas* "to preserve the *status quo* of the parties, pending the determination of the appeal upon its merits." The court discussed the matter at length, quoting from decisions rendered in Nebraska, Wisconsin, California, and elsewhere; but the California decisions there mentioned do not touch the question here at issue.

We cannot fail to be impressed by the decision of the supreme court of Washington, in so far as it emphasizes the situation in which an appealing plaintiff finds himself

in a case of this kind, where his application for the writ has been denied in the court below, and where the county board of education, regardless of the challenge to its jurisdiction, chooses to proceed with the trial of the charges. Nevertheless, we are constrained to deny the application for a writ of *supersedeas,* because the decisions in this state have clearly and consistently held that the only function of that writ is to restrain proceedings *upon the judgment* from which the appeal has been taken.

The application for a writ of *supersedeas* is denied.

Houser, J., and Curtis, J., concurred.