[No. 12148.   In Bank. — May 18, 1887.]

G. W. TYLER, PETITIONER, *v.* J. G. PRESLEY, JUDGE OF THE SUPERIOR COURT OF SONOMA COUNTY, RESPONDENT.

WRIT OF ERROR — ORDER SUSPENDING ATTORNEY AT LAW — SUPERSEDEAS.— A writ of error to the Supreme Court of the United States from an order of the Supreme Court of the state suspending an attorney and counselor at law from practicing in the state courts, does not operate to supersede the order of suspension, as no process for the enforcement of the order is necessary.

ID. — JUDGMENT WHEN SUPERSEDED BY WRIT OF ERROR. — A writ of error to the Supreme Court of the United States only operates as a *supersedeas* when the judgment against which the writ is directed requires some process for its enforcement.

APPLICATION for a writ of mandate. The facts are stated in the opinion of the court.

*George W. Tyler, in pro per.,* for Petitioner.

THORNTON, J.—Application for writ of mandate to the Superior Court of the county of Sonoma, commanding said court to allow Tyler to practice law in that court.

Tyler was by an order of this court, entered in December, 1886 (71 Cal. 353), suspended from practicing law in the courts of the state for two years, and until the payment of a certain sum of money. On application to the chief justice of this court, a writ of error to the Supreme Court of the United States was allowed, citation issued and served, and bond filed. It is argued that the writ of error supersedes the order of suspension, and that Tyler can still practice law until the cause is determined on error, or dismissed by the court in error, and this by virtue of the act of Congress.

There are cases where a writ of error operates as a *supersedeas*, and cases where it does not. This is plain from sections 1000 to 1007 of the Revised Statutes of the United States. (See latter clauses of sections cited.)

What is a *supersedeas?* It is a writ issued to a ministerial officer, commanding him to supersede or desist from proceeding under another writ previously or subsequently issued to him. (Abbott's Law Dict., word Supersedeas; Burrill's Law Dict., same word.) No writ of *supersedeas* need be issued under the act of Congress, for the writ of error operates as such. The service of a copy of the writ of error on the clerk would be sufficient to restrain him from issuing a writ of execution, or a like service on the sheriff would restrain him from executing it, or perhaps the court might order a writ of *supersedeas* in form to be issued. In Virginia the writ of *supersedeas* is directed to the sheriff. (See 4 Minor's Inst., part 1, pp. 854, 855, where the form of the writ is given.)

Professor Minor, in his able work above cited, which

we consider high authority, says of the writ of error in the courts of the United States: " It operates as a *supersedeas* to prevent the successful party in the court below from proceding to enforce his judgment," etc. (4 Minor's Inst., part 1, p. 296.)

This plainly signifies that when a party has recovered a judgment which he can enforce by the process of the court, that a writ of error on the proper bond being given will prevent the execution of such process.

The writ is issued for the purpose of preventing the enforcement of the judgment by execution. This is clearly apparent from the mandate of the writ in the forms given in the work above cited.

When the judgment is rendered, and no process is required to be issued for its enforcement, no *supersedeas* is allowed. In fact, there is no necessity for such a writ. There is nothing to stay or supersede. As where an injunction is allowed by a decree, the *supersedeas* does not nullify or set aside the injunction. (*Slaughter-House Cases*, 10 Wall. 273–297; *Mowry* v. *Whitney*, 3 Fisher's Pat. Cas. 175.) The injunction granted by the decree stands, and is not suspended or superseded.

The order disbarring Tyler needs no process to execute it, and it stands unaffected by the writ of error.

But it is argued that this court has no power to pass on the question whether the writ of error operates as a *supersedeas;* that the power of this court to act in the case is suspended, until, by some act of the Supreme Court of the United States, the power is restored to it. To sustain this contention, the case of *Ex parte Dunn*, 6 Rich. 307, is cited. In that case process was required to enforce the judgment of the court. The question arose on an application to the court below to enforce its judgment. This was declined on the ground above stated. Here there is no application to enforce the judgment or order of this court, nor is any necessary. The judgment or order stands as it was rendered, and the effect is to suspend

the applicant for the writ in this case from the practice of his profession.

There is and can be no *supersedeas* under the act of Congress.

Writ denied and application dismissed.

McFARLAND, J., TEMPLE, J., SHARPSTEIN, J., and SEARLS, C. J., concurred.

PATERSON, J., concurring.—I concur on the ground that in the absence of an express statutory provision applicable to cases of this kind, or an order of court suspending the operation of the judgment until decision on the writ of error, the judgment of this court operates as an injunction against the exercise by the party disbarred of the right or franchise to prantice law.