[S. F. No. 2455. In Bank.—February 20, 1901.]

ANDERSON ROSE et al., Respondents, v. LOUIS MESMER
et al., Respondents, and JOSE ANTONIO MACHADO et
al., Appellants.

APPEAL—STAY OF EXECUTION—FUNCTION OF WRIT OF SUPERSEDEAS—
DIRECTION TO COURT OR OFFICER.—If execution has been stayed
pending an appeal, the function of the writ of *supersedeas* is
limited to a direction to the court below or to its officer to pre-
vent the attempted enforcement of the judgment by the order
or process of the court.

ID.—INJUNCTION AGAINST TRESPASS OF PARTIES NOT PERMISSIBLE—JU-
RISDICTION.—The writ of *supersedeas* can only prevent the parties to
the action from improperly using the process of the court, and
cannot be used to perform the functions of an injunction to
restrain a trespass by the parties, for which the appellants
must seek another remedy. This court has no jurisdiction to

issue an original injunction to restrain the commission of a trespass.

ID.—JUDGMENT AGAINST USE OF DAM—APPEAL BOND—PETITION TO PRE-
VENT REMOVAL BY RESPONDENTS.—Upon appeal from a judgment
which adjudicates against the right of appellants to maintain
an existing dam or other obstruction in the channel of a creek,
or diverting water from the creek by means thereof, upon
which an ordinary appeal bond has been given, this court,
without deciding whether or not proceedings upon the judg-
ment are stayed by the appeal, will not issue a restraining
order upon petition of the appellants to prevent the respond-
ents from removing the dam pending the appeal, where it does
not appear that the superior court is seeking to enforce the
judgment, or has issued any process for that purpose.

APPLICATION of appellants for a restraining order pend-
ing an appeal from a judgment of the Superior Court of Los
Angeles County.   M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Lee & Scott, Dunn &  Crutcher, and Graves, O'Melveny
& Shankland, for Appellants.

Clarence A. Miller, and M. J. McGarry, for Plaintiffs, Re-
spondents, and Elizabeth Chauvin, Defendant, Respondent.

J. L. Murphy, for Other Defendants, Respondents.

HARRISON, J.—Application for a restraining order.

The superior court rendered its judgment in this action
August 1, 1900, and it was entered of record August 6th.   By
the judgment the rights of the several parties to the action in
certain lands described therein, and in certain waters held to be
appurtenant to said lands, were defined and determined.   It
was also adjudged that no party to the action has any right
to maintain a certain dam then existing, or any dam or other
obstruction in the channel of La Ballona creek, upon parcel No.
55 of the lands described in the decree, or to divert any water
by means of such dam or other obstruction through any portion
of a certain ditch, denominated the "upper ditch," leading from
said dam through and over a portion of the lands.   An appeal
was afterward taken to this court, and an undertaking in the
sum of three hundred dollars filed in support of said appeal.
An application is now made to this court on behalf of the ap-

pellants for an order restraining the respondents from removing said dam, or any part thereof, upon the ground, as stated in said application, that at the time of the rendition of the judgment the dam was upon said parcel of land, and in such condition as to divert all the waters of the creek across which it is constructed, and still remains in the same condition, and that by means thereof the petitioners divert and convey the waters upon their lands; that certain of the respondents "threaten that they will enforce the said judgment by entering upon the said land whereon said dam is situated and removing the said dam," so as to cause all the waters of the creek to flow elsewhere than upon the lands of the petitioners; "and that said respondents will, unless restrained by an order of this court, enforce said decree by so entering upon said lands and removing said dam, and will prevent your petitioners from diverting the waters of said creek by means of said dam"; and that in case said dam is removed said petitioners will sustain great damage.

The petitioners have cited several cases in support of their motion wherein this court has restrained the superior court from enforcing the judgment appealed from, or set aside the proceedings taken by it therefor, upon the ground that by the appeal the power of the superior court to enforce its judgment was suspended until the determination of such appeal. But in each of these cases the superior court was itself seeking to enforce its judgment by some process issued thereon, or by proceedings instituted for the purpose of punishing the respondents for contempt in disregarding the judgment. It does not appear in the present case that the superior court is attempting to enforce its judgment, or that any process has been issued for that purpose. The statement in the petition that the respondents threatened to enforce the judgment "by entering upon said land whereon said dam is situated, and removing the said dam," does not indicate that the court is, in any respect, seeking to enforce its judgment. Whether the appeal herein has the effect to supersede the power of the court to enforce its judgment is not involved in the present proceeding. It does not appear that any application has been made to that court for this purpose, and in the absence of any action by it we are not called upon to determine whether the appeal has such effect, or, if it has, that the court would disregard it.

In *Dulin v. Pacific etc. Co.*, 98 Cal. 304, we had occasion to consider the function of a writ of *supersedeas*, and the power of this court to control the enforcement of a judgment of the superior court after an appeal therefrom had been taken. It was there held that the writ is directed to the court whose action is sought to be restrained, or to some officer of that court who may be about to enforce its judgment, and is limited to restraining any action under the authority of the court upon the judgment appealed from. It was also said: "The writ cannot be used to perform the functions of an injunction against the parties to the action restraining them from any act in the assertion of their rights other than to prevent them from using the process of the court below to enforce the judgment." The provision in section 949 of the Code of Civil Procedure by which an appeal in certain classes of judgments "stays the enforcement of the judgment," is by the terms of the section limited to "proceedings in the court below upon the judgment," and has no effect elsewhere.

If the respondents have no right to remove the dam, their act in so doing may constitute a trespass for which the petitioners would have their remedy in the proper forum, but it is not within the jurisdiction of this court to issue an original injunction to prevent the commission of a trespass. The principles declared in Dulin's case must control the rights of the parties in the present application.

The application is denied.

McFarland, J., Van Dyke, J., Garoutte, J., Temple, J., and Henshaw, J., concurred.