[Sac. No. 1098. In Bank.—December 31, 1902.]

COUNTY OF MADERA, Respondent, v. RAYMOND GRAN-ITE COMPANY, Appellant.

WRIT OF SUPERSEDEAS—EMINENT DOMAIN.—After an appeal has been perfected from a judgment condemning a strip of land for a highway, in an action instituted by a county, the supreme court cannot issue a writ of *supersedeas* directed to persons who were not parties to the proceedings in the lower court, and whose acts, as shown on the application for the writ, are independent of the judgment of condemnation and disconnected with such proceedings. Such writ runs only to the court below or to its officers.

ID.—INVALID ORDINANCES NOT JUSTIFICATION FOR TRESPASS.—Ordinances of the board of supervisors, passed prior to the judgment of condemnation, declaring the strip of land a public highway, and granting a franchise for the construction of a railroad thereon, have no connection with the condemnation proceeding. If such ordinances are invalid they will not constitute any protection for a trespass committed upon the lands, but the superior court is the proper forum in which to seek redress against such trespass.

APPLICATION for writ of *supersedeas* on an appeal from a judgment of the Superior Court of Madera County. W. M. Conley, Judge.

The facts are stated in the opinion of the court.

A. A. Moore, and Robert L. Hargrove, for Appellant.

W. M. Gibson, R. R. Fowler, and H. M. Owens, for Respondent.

HARRISON, J.—Application for writ of *supersedeas*.

The plaintiff brought this action to obtain a judgment of condemnation for a highway of a certain strip of land belonging to the appellant. The cause was tried by the court, and on March 11, 1902, it rendered judgment, which was entered the next day, that said strip of land be condemned for the use and purpose of a highway, and that the defendant recover from the plaintiff a certain amount of money for the value of the land and for damages. Thereafter, May 23, 1902, the court entered its final judgment of condemnation, reciting therein that the said amount of money had been deposited by the plaintiff with the clerk of the court, in compliance with its previous order. July 19, 1902, the defendant appealed from each of these judgments, giving an undertaking in the sum of three hundred dollars upon each appeal. October 6, 1902, the appellant made the present application for a writ of *supersedeas,* "to be directed to the *respondent,*" staying all proceedings upon the said judgments, and suspending the operation and enforcement thereof until the final determination of the appeals.

In the affidavits presented on behalf of the appellant at the hearing of the motion it is stated that the county of Madera—the respondent—has never taken possession of the right of way over appellant's land, or performed any work upon the same, or expended any money in improving the same. It is also stated in said affidavits that before the appeals were taken, and before the final order of condemnation had been made,—viz., April 8, 1902,—the board of supervisors of the county of Madera passed an ordinance declaring the road in question a public highway, and granted a franchise to the Madera Granite Company to construct and operate for the period of twenty-five years a railroad thereon; that by virtue of these ordinances the Madera Granite Company and Wilhelmina McLennan have entered upon the right of way included in the judgment of condemnation, and are excavat-

ing and constructing a railroad thereon; that said ordinances are the only authority they have to enter upon said land; and that their said entry and acts "were committed and done before the entry of any final order of condemnation."

Although the proceedings before the superior court were initiated by a petition from McLennan to the board of supervisors, yet neither McLennan nor the Madera Granite Company is a party to this action, or with any right to direct the proceedings before the superior court, or in any way subject to the control of the court therein; and as they are consequently not within the appellate jurisdiction of this court, a writ of *supersedeas* cannot be directed to them. Their acts are shown to have been independent of the judgment of condemnation and disconnected with the proceedings before the superior court. Section 949 of the Code of Civil Procedure provides that when an appeal is perfected it stays all proceedings "*in the court below* upon the judgment or order appealed from." If, notwithstanding such appeal, the court below attempts to enforce the judgment or order appealed from, this court will issue a writ of *supersedeas* to restrain such action. The writ is, however, directed to the court or to the officer thereof by whom it is seeking to enforce the judgment. In *Dulin* v. *Pacific W. and C. Co.*, 98 Cal. 304, we said: "The writ itself is directed to the court whose action is sought to be restrained, or to some one of its officers, and is limited to restraining any action upon the judgment appealed from. It cannot be used to perform the functions of an injunction against the parties to the action, restraining them from any act in the assertion of their rights, other than to prevent them from using the process of the court below to enforce the judgment, nor can the writ be employed for any purpose upon persons not parties to the judgment." (See, also, *Rose* v. *Mesmer*, 131 Cal. 631.)

*City of Los Angeles* v. *Pomeroy*, 132 Cal. 340, where this court, in addition to granting the motion for a writ of *supersedeas*, enjoined the plaintiff from doing certain acts pending the appeal, is cited by the appellant in support of its present application. The want of power in this court to grant an injunction does not appear to have been suggested in that case, and is not discussed in the opinion, the opinion being limited to determining whether the order was appealable, and

whether the undertaking given operated to stay proceedings "upon the order appealed from." No reference was made to the many cases in which this court had previously held that it did not have such power, and no authority to the contrary was cited. Under these circumstances, it cannot be held that the court intended to overrule these cases, or to set aside the well-established rule that a writ of *supersedeas* runs only to the court below or to its officers, or to hold that this court has original jurisdiction to issue an injunction against persons who are not parties to the appeal. What was said or done in that case, from which a contrary doctrine may be implied, must therefore be disregarded. In *Dulin* v. *Pacific W. and C. Co.,* 98 Cal. 304, we said: "The stay of proceedings upon the enforcement of the judgment, resulting from the appeal, cannot prevent the moral support which the rendition of the judgment may give to the other directors, or form the basis of an injunction against them, nor can it be invoked to prevent the respondent from committing a trespass against the appellant."

The right of the board of supervisors of Madera County to pass an ordinance declaring the road a public highway, or to grant a franchise for the construction of a railroad thereon, was in no respect connected with the proceedings appealed from, and was not affected by the judgment of condemnation. If either of these ordinances were unauthorized or illegally adopted, they will not constitute any protection for a trespass committed upon the lands of the appellant by virtue thereof, but the superior court is the forum in which to obtain redress against such trespass. Whether the board of supervisors was authorized to pass these ordinances, or whether the Madera Granite Company and McLennan are seeking by their proceedings indirectly to acquire a right to invade the appellant's land which could not be directly given, are questions irrelevant to the present motion, and not open for determination.

It is not shown that the superior court is seeking to enforce its judgment, or that any application has been made to it for the purpose of enforcing the judgment, or that any proceedings whatever in reference to the judgment have been taken therein since the appeals were taken, nor is the superior court, or the judge thereof, made a respondent herein, or

represented upon this application. We are therefore not called upon to determine whether the appeals had the effect to suspend the power of the court to enforce its judgment, nor can we assume, in the absence of any action by that court, that, if they did have such effect, the court would disregard it. (*Rose* v. *Mesmer*, 131 Cal. 631.)

The application for the writ is denied.

McFarland, J., Garoutte, J., and Beatty, C. J., concurred.