[Civ. No. 3449.    Second Appellate District, Division Two.—December 24, 1920.]

## GEORGE W. WOOD, Petitioner, v. THE BOARD OF FIRE COMMISSIONERS OF THE CITY OF LOS ANGELES, Respondent.

[1] Supersedeas — Jurisdiction of District Court of Appeal to Grant.—The district court of appeal, in the exercise of its appellate jurisdiction, possesses power to stay proceedings on the judgment appealed from, although no statutory provision is made for such stay.

[2] Id.—Denial of Writ of Prohibition—Appeal—Effect of Supersedeas.—Where an application to the superior court for a writ of prohibition is denied, no process of the court is necessary to carry its judgment into effect; therefore, there is nothing to supersede and the writ of *supersedeas* would be ineffectual for any purpose.

[3] Id.—Function of Supersedeas.—The writ of *supersedeas* cannot operate as an injunction against any of the parties to the action, its function being confined solely to staying proceedings for the enforcement of the judgment in the court below.

[4] Prohibition—Issuance of Alternative Writ — Jurisdiction of District Court of Appeal.—In the exercise of original jurisdiction, the district court of appeal can issue an alternative writ of prohibition, thus preserving the status of the controversy until the final adjudication on the merits; but on an appeal from a judgment of the superior court denying a writ of prohibition the district court of appeal has no authority for the issuance of any writ which would operate as or effectuate the purpose of the alternative writ of prohibition.

APPLICATION for a Supersedeas during the pendency of an appeal from a judgment denying a Writ of Prohibition.    Petition denied.

The facts are stated in the opinion of the court.

A. J. Morganstern for Petitioner.

Charles S. Burnell, City Attorney, and William P. Mealey for Respondent.

---

1. Implied power of courts to issue *supersedeas,* note, 67 Am. St. Rep. 714.

WELLER, J.—Appellant applies for a *supersedeas* during the pendency of the appeal from a judgment of the superior court of Los Angeles County denying a writ of prohibition against the board of fire commissioners of the city of Los Angeles.

In an original proceeding instituted in this court for the same purpose before the appeal was taken, it was considered that sufficient cause was shown by the petition, and an alternative writ was issued. We have this day decided (*ante*, p. 593, [195 Pac. 739]) that, as the right to appeal existed, this court should not exercise its original jurisdiction, and the writ was denied for that reason alone. As the appeal does not operate to continue in force the alternative writ issued by the superior court, the defendant will not be restrained from proceeding after our action on the original application in this court has become final, and unless we can afford the relief prayed, the appellant may be deprived of the results of a favorable decision, if he should finally prevail in this appeal.

[1] This court, in the exercise of its appellate jurisdiction, possesses the inherent power to stay proceedings on the judgment appealed from, although no statutory provision is made for such stay. (*Rogers* v. *Superior Court*, 158 Cal. 467, [111 Pac. 357].) The action sought to be enjoined by this application is not in execution of the judgment, but is entirely distinct and separate therefrom. [2] The superior court adjudged merely that the plaintiff was not entitled to any relief, and no process of the court is necessary to carry its judgment into effect. There is, therefore, nothing to supersede, and the writ would be ineffectual for any purpose. (*Tyler* v. *Presley*, 72 Cal. 290, [13 Pac. 856].)

[3] The writ of *supersedeas* cannot operate as an injunction against any of the parties to the action, its function being confined solely to staying proceedings for the enforcement of the judgment in the court below. (*Dulin* v. *Pacific W. & C. Co.*, 98 Cal. 304, [33 Pac. 123].) By Rule XXVI (176 Pac. xii), promulgated by the supreme court, the petition for a writ of prohibition must state the reasons for an original application to this court, and unless it appears that special or extraordinary circumstances exist which warrant such action, the appellate courts will not assume original jurisdiction. We take it that the possibility of an adverse

decision in the superior court would not be considered as sufficient cause for applying to this court in the first instance. The practical effect of this rule is to relegate the applicant to the jurisdiction of the superior court, in the vast majority of cases, and to confine this court to its powers as an appellate tribunal. [4] In the exercise of original jurisdiction, this court could issue an alternative writ of prohibition, thus preserving the status of the controversy until the final adjudication on the merits. But on an appeal from a judgment of the superior court we find no authority for the issuance of any writ which would operate as or effectuate the purpose of the alternative writ of prohibition. Thus, by rule and practice, we are divested of a power which the constitution has expressly conferred. Proper legislation or a modification of the rule might eliminate this difficulty in the future; but in the present instance we are powerless to grant any relief.

Petition denied.

Finlayson, P. J., and Thomas, J., concurred.