[Crim. No. 984. Second Appellate District, Division Two.—May 9, 1923.]

In the Matter of the Proceeding for the Disbarment of M. O. GRAVES, Attorney and Counselor at Law.

[1] SUPERSEDEAS—SUSPENSION FROM PRACTICE OF LAW—APPEAL.—A writ of *supersedeas* will not issue to stay a judgment of suspension from the practice of law pending appeal from such judgment.

[2] ID. — SELF-EXECUTING JUDGMENTS. — *Supersedeas* will not issue where the judgment does not command or permit any acts to be done, or where it is not of a nature to be actively and affirmatively enforced by execution or otherwise.

APPLICATION for a Writ of Supersedeas to stay a judgment of suspension from the practice of law. Writ denied.

The facts are stated in the opinion of the court.

M. O. Graves, *in pro. per.*, and Wheaton A. Gray for Petitioner.

Frank C. Collier for Respondent.

FINLAYSON, P. J.—This is an application for a *supersedeas*. By a judgment of the superior court for Los Angeles County, made January 22, 1923, petitioner was suspended from the practice of law for one year. From that judgment he has taken an appeal to this court, and now asks for a *supersedeas* to stay the judgment of suspension pending his appeal.

[1] This is not a case for the issuance of *supersedeas*. The judgment of suspension acts directly against petitioner without the necessity for process or proceedings of any kind for its enforcement. (*Tyler* v. *Presley,* 72 Cal. 290 [13 Pac. 856].) It is true that the power to issue the writ of *supersedeas* is inherent in an appellate court, but it will only be issued to restrain *proceedings upon* the judgment from which the appeal has been taken. Its effect is merely to stay proceedings for the enforcement of the judgment. It does not reverse, suspend, supersede, or impair the force of the judgment itself. That remains in all respects the same. [2] The general rule, therefore, is that *supersedeas* will not issue where the judgment does not command or permit any act to be done, or where it is not of a nature to be actively and affirmatively enforced by execution or otherwise. (*Dulin* v. *Pacific Wood & Coal Co.,* 98 Cal. 304 [33 Pac. 123]; *Tyler* v. *Presley, supra; Hoppe* v. *Hoppe,* 99 Cal. 536 [34 Pac. 222]; *Taylor* v. *Superior Court,* 44 Cal. App. 23 [185 Pac. 994]; *Wood* v. *Board of Commrs.,* 50 Cal. App. 594 [195 Pac. 739].) Here the judgment of suspension is self-executing. There is no further action to be taken thereon by the court below, and consequently nothing upon which the *supersedeas* can act.

The application is denied.

Works, J., concurred.

CRAIG, J., Concurring.—I concur. During the argument counsel for petitioner insisted that, although *supersedeas* may not issue to suspend the operation of a self-executing judgment, it should issue in this case because a contempt proceeding might be instituted should he practice law during the pendency of this appeal. A contempt proceeding would be independent from, although of course an outgrowth of, the disbarment case. The possibility of such a

proceeding does not make the judgment of suspension any less self-executing, nor does it create a ground for the issuance of a *supersedeas.* (*Wolf* v. *Gall,* 174 Cal. 140 [162 Pac. 115].)