[L. A. No. 9271.  In Bank.—October 29, 1926.]

In the Matter of the Application of IMPERIAL WATER COMPANY No. 3 for Dissolution. IMPERIAL WATER COMPANY No. 3 (a Corporation), et al., Respondents, v. MAUDE HALL, Appellant.

[1] WATER COMPANIES—DISSOLUTION—SELF-EXECUTING ORDER—SUPERSEDEAS.—An order dissolving a water company and directing the distribution of its assets through its directors, as trustees, is a self-executing order for the enforcement of which no process of the lower court need be employed, and therefore a writ of *supersedeas* will not issue, upon the petition of a creditor of the water company, to prevent the distribution of the assets.

[2] ID.—WHEN SUPERSEDEAS LIES.—A *supersedeas* will issue only to restrain the court below or its officers from proceeding to enforce a judgment pending appeal and is limited to restraining any action under the authority of the court upon the judgment appealed from; it will not issue to restrain or prevent a party from acting or proceeding under a judgment from which an appeal has been duly taken where no process or action by the court below is involved.

[3] ID.—DISTRIBUTION OF ASSETS—CAPACITY OF TRUSTEES.—The directors of a water company while acting as trustees pending distribution of the corporate assets upon dissolution are not officers of the superior court and therefore amenable as such to a writ of *supersedeas*, but are mere statutory liquidators.

(1) 3 C. J., p. 1278, n. 87.   (2) 3 C. J., p. 1278, n. 87.   (3) 3 C. J., p. 1278, n. 87.

APPLICATION for a Writ of Supersedeas to prevent directors of a water company from distributing its assets upon dissolution. Writ denied.

The facts are stated in the opinion of the court.

Jesse George for Appellant.

Luther G. Brown and Leon R. Yankwich for Respondents.

THE COURT.—Application for a writ of *supersedeas*. Petitioner, Maude Hall, has appealed to this court from an

2.  See 23 Cal. Jur. 983.

order of the superior court of Imperial County dissolving the respondent corporation, Imperial Water Company No. 3, and directing the distribution of its funds and property through its directors acting as trustees under the provisions of section 400 of the Civil Code. Petitioner had filed objections in writing to the application of said corporation for dissolution upon the ground that she had a valid and unsatisfied claim and demand against said corporation for a large sum of money as damages alleged to have been sustained to her farm lands by reason of seepage of water from irrigation canals of the respondent corporation and had commenced an action for the enforcement of said claim for damages, in which action a judgment had been rendered against petitioner in the main and wherein she had likewise prosecuted an appeal from an order denying a motion to set aside said judgment. The present application is to obtain a writ of *supersedeas* preventing the directors of said respondent corporation from distributing its assets in accordance with the order of dissolution until such time as petitioner's said appeal in her own case can be determined, the allegations of the petition being that the directors of the respondent corporation will distribute all of the funds and property of said corporation and that none thereof will be left for the payment of whatever claim the petitioner may eventually establish.

[1] In view of the conclusion we have reached we find it necessary to consider but one of the respondents' contentions advanced in opposition to the issuance of a *supersedeas*. It is urged by respondents that the order dissolving the respondent corporation and directing the distribution of assets through its directors, as trustees, is a self-executing order for the enforcement of which no process of the lower court need be employed. Authorities are cited by respondents to the effect that *supersedeas* will not and should not issue under such circumstances. In our opinion this contention is meritorious.

[2] It has been repeatedly held by this court that a *supersedeas* will issue only to restrain the court below or its officers from proceeding to enforce a judgment pending appeal and that such writ is limited to restraining any action under the authority of the court upon the judgment appealed from. In other words, a writ of *supersedeas* will

not issue to restrain or prevent a party from acting or proceeding under a judgment from which an appeal has been duly taken where no process of or action by the court below is involved.

In the case of *Tyler* v. *Presley*, 72 Cal. 290, 291 [13 Pac. 856]; it is declared: "What is *supersedeas?* It is a writ issued to a ministerial officer, commanding him to supersede or desist from proceeding under another writ previously or subsequently issued to him. . . .

"When the judgment is rendered, and no process is required to be issued for its enforcement, no *supersedeas* is allowed. In fact, there is no necessity for such a writ. There is nothing to stay or supersede. . . . "

Concerning the purpose and scope of a writ of *supersedeas*, *Dulin* v. *Pacific W. & C. Co.*, 98 Cal. 304, 306–308 [33 Pac. 123, 124], states that "The writ of *supersedeas* is 'an auxiliary process designed to supersede the enforcement of the judgment of the court below brought up by a writ of error for review.' . . . Originally it was a writ directed to an officer commanding him to desist from enforcing the execution of another writ, which he was about to execute, or which might come into his hands. In modern times the term is often used synonymously with a stay of proceedings, and is employed to designate the effect of an act or proceeding which of itself suspends the enforcement of a judgment. In this state the writ is frequently granted by this court for the purpose of staying proceedings in the superior court, when a review of the action of that court is sought in this court, either upon direct proceeding or on appeal, and is directed to the court whose action is under review, or to an officer of that court who may be about to enforce its judgment.

"Section 949 of the Code of Civil Procedure declares that in cases like the present the perfecting of an appeal 'stays proceedings in the court below upon the judgment or order appealed from,' thus creating a statutory *supersedeas* or 'a suspension of the power of the court below to issue an execution on the judgment or decree appealed from; or, if a writ of execution is issued, a prohibition against the execution of the writ.' . . . If after such appeal the court below seeks to enforce its judgment, this court will grant a special order or writ restraining its action. The writ itself is

directed to the court whose action is sought to be restrained, or to some one of its officers, and is limited to restraining any action upon the judgment appealed from. It cannot be used to perform the functions of an injunction against the parties to the action, restraining them from any act in the assertion of their rights, other than to prevent them from using the process of the court below to enforce the judgment, nor can the writ be employed for any purpose upon persons not parties to the judgment. Its effect is merely to leave the parties to the judgment in the same position as they were prior to its entry, and to prevent the appellant from being prejudiced by its enforcement. There are many judgments, however, which are self-executing, or which have an intrinsic effect, upon which there are, no proceedings to be stayed, and which will not be affected by an appeal therefrom. . . . And herein should be observed the distinction between the effect of an appeal from a judgment in staying further proceedings thereon, and its effect in depriving the judgment itself of any efficacy as evidence of the fact determined. The appeal suspends its force as a conclusive determination of the rights of the parties, but the stay of proceedings consequent upon the appeal is limited to the enforcement of the judgment itself, and does not destroy or impair its character.''

In *Rose* v. *Mesmer*, 131 Cal. 631, 633 [63 Pac. 1010, 1011], an appeal was taken from a judgment which adjudicated the rights of the parties to certain lands and the water appurtenant thereto and which further decreed that none of the parties to the suit had a right to maintain a certain dam then existing. Pending said appeal the respondents proceeded to remove the dam whereupon application was made for a writ of *supersedeas*. In denying the writ it was said: ''The petitioners have cited several cases in support of their motion wherein this court has restrained the superior court from enforcing the judgment appealed from, or set aside the proceedings taken by it therefor, upon the ground that its judgment was suspended until the determination of such appeal. But in each of these cases the superior court was itself seeking to enforce its judgment by some process issued thereon, or by proceedings instituted for the purpose of punishing the respondents for contempt in disregarding the judgment. It does not appear in the

present case that the superior court is attempting to enforce its judgment, or that any process has been issued for that purpose. The statement in the petition that the respondents threatened to enforce the judgment 'by entering upon said land whereon said dam is situated, and removing the said dam,' does not indicate that the court is, in any respect, seeking to enforce its judgment. Whether the appeal herein has the effect to supersede the power of the court to enforce its judgment is not involved in the present proceeding. It does not appear that any application has been made to that court for this purpose, and in the absence of any action by it we are not called upon to determine whether the appeal has such effect, or, if it has, that the court would disregard it.

"In *Dulin* v. *Pacific W. & C. Co.*, 98 Cal. 304 [33 Pac. 123], we had occasion to consider the function of a writ of *supersedeas,* and the power of this court to control the enforcement of a judgment of the superior court after an appeal therefrom had been taken. It was there held that the writ is directed to the court whose action is sought to be restrained or to some officer of that court who may be about to enforce its judgment, and is limited to restraining any action under the authority of the court upon the judgment appealed from. . . .

"If the respondents have no right to remove the dam, their act in so doing may constitute a trespass for which the petitioners would have their remedy in the proper forum, but it is not within the jurisdiction of this court to issue an original injunction to prevent the commission of a trespass. The principles declared in Dulin's case must control the rights of the parties in the present application."

This rule was again approved in *Madera* v. *Raymond Granite Co.*, 138 Cal. 244, 246 [71 Pac. 112], wherein it is stated that "Section 949 of the Code of Civil Procedure provides that when an appeal is perfected it stays all proceedings '*in the court below* upon the judgment or order appealed from.' If, notwithstanding such appeal, the court below attempts to enforce the judgment or order appealed from, this court will issue a writ of *supersedeas* to restrain such action. The writ is, however, directed to the court or to the officer thereof by whom it is seeking to enforce the judgment."

To the same effect are *Wood* v. *Board of Fire Commissioners,* 50 Cal. App. 594, 595 [195 Pac. 739], *In re Graves,* 62 Cal. App. 168, 169 [216 Pac. 386], and *Lickley* v. *County Board of Education,* 62 Cal. App. 527 [217 Pac. 133].

In the instant case the issuance of a writ of *supersedeas* would have no other effect than to enjoin the respondent parties from acting under the judgment. It would not in any manner restrain the lower court from enforcing its judgment for no application has been made thereto and no process has been issued therein or other attempt made by that court to execute said judgment. Moreover, said lower court has not been made a respondent herein. Under these circumstances, the following from *Madera* v. *Raymond Granite Co., supra,* would seem to be pertinent: "It is not shown that the superior court is seeking to enforce its judgment, or that any application has been made to it for the purpose of enforcing the judgment, or that any proceedings whatever in reference to the judgment have been taken therein since the appeals were taken, nor is the superior court, or the judge thereof, made a respondent herein, or represented upon this application. We are therefore not called upon to determine whether the appeals had the effect to suspend the power of the court to enforce its judgment, nor can we assume, in the absence of any action by that court, that, if they did have such effect, the court would disregard it. (*Rose* v. *Mesmer,* 131 Cal. 631 [63 Pac. 1010].)"

[3] We cannot accede to petitioner's contention that the directors of the respondent corporation while acting as trustees pending distribution of the corporate assets are officers of the superior court and therefore amenable as such to a writ of *supersedeas.* This point was decided adversely to petitioner's contention in the case of *Holmes* v. *Camp,* 186 App. Div. 675 [175 N. Y. Supp. 349, 352], where, in considering a Missouri statute substantially the equivalent of section 400 of our Civil Code, the court declared: "If the statutory trustees in dissolution were, like permanent receivers in dissolution, officers of the court, reliance might be had that the court would compel them to do their duty and continue the suit. But they are not officers of the court. They are mere statutory liquidators. *Relfe* v. *Rundle,* 103 U. S. 222, 225 [26 L. Ed., 337, see, also, Rose's U. S. Notes];

*Martyne* v. *American Union Fire Ins. Co.,* 216 N. Y. 183, 194 [110 N. E. 502].'' We are in accord with the reasoning of the New York court and are of the opinion that the directors of a dissolved corporation while acting, under the provisions of section 400 of the Civil Code, as trustees for the creditors and stockholders of such dissolved corporation are mere statutory liquidators and are not officers of the court. For this reason it cannot be successfully argued that an appellate court may direct a writ of *supersedeas* at such trustees as officers of the lower court.

In reaching the conclusion announced herein we are not to be understood as having considered or expressed any opinion touching the effect of the provisions of section 949, of the Code of Civil Procedure, upon the appeal herein. That question is not presented and we do not undertake to decide whether the appeal itself when perfected constituted a statutory *supersedeas* as provided for in said code section. We have merely concluded that this is not a proper case for the issuance of a writ of *supersedeas* for no attempt has been made by the court below or its officers to enforce or execute the judgment pending appeal. We find nothing in the authorities cited by petitioner opposed to the principles or conclusion stated herein.

For the foregoing reason the petition is denied.