[L. A. No. 9522. In Bank.—January 31, 1927.]

## B. F. HULSE, Appellant, v. SESA DAVIS et al., Respondents.

[1] APPEAL—SUPERSEDEAS—WHEN GRANTED.—A writ of *supersedeas* may be granted in a proper case only to restrain and prevent the enforcement of a judgment or order by the court below or its officers pending an appeal; and if the judgment or order appealed from is self-executing and no process is required to be issued for its enforcement no *supersedeas* is allowed.

[2] ID.—EXECUTION—ORDER QUASHING.—An order quashing execution has an intrinsic effect and is self-executing. Process is not required for the enforcement of such an order and pending the determination of an appeal therefrom a writ of *supersedeas* may not properly be issued to stay proceedings in the matter.

(1) 3 C. J., p. 1276, n. 81, p. 1277, n. 83, p. 1278, n. 87. (2) 3 C. J., p. 1278, n. 87; 23 C. J., p. 546, n. 35.

APPLICATION for a Writ of Supersedeas to stay proceedings pending appeal from an order of the Superior Court of Los Angeles County quashing a Writ of Execution. Albert Lee Stephens, Judge. Writ denied.

The facts are stated in the opinion of the court.

Alfred J. Smallberg and Philip Cohen for Petitioner.

William A. Alderson for Respondents.

THE COURT.—Application for a writ of *supersedeas*. The applicant herein instituted an action against the above-named respondents on July 19, 1915, in the superior court of the county of Los Angeles. Judgment was entered in said action in favor of the applicant on January 28, 1916. On May 10, 1916, execution issued upon said judgment and was thereafter returned partly satisfied. No further proceedings were had or taken in the action until September 3, 1926, at which time, on an *ex parte* motion of counsel for the applicant and apparently without prior notice thereof

1. See 23 Cal. Jur. 985.
2. See 11 Cal. Jur. 61.

having been given to the respondents, an order was made by the court below for the issuance of a second execution upon the judgment theretofore entered. Pursuant thereto a writ of execution was duly issued and levied. Thereafter, and on September 23, 1926, a temporary restraining order was entered by said court, on motion of the respondents, enjoining any further action or proceedings under and by virtue of said writ of execution. On October 5, 1926, the lower court made and entered an order vacating the prior order for the issuance of a writ of execution, recalling and quashing the writ issued pursuant thereto and denying further process of said court for the enforcement of the judgment. In accordance with this latter order the sheriff on October 9, 1926, released and discharged the property of respondents theretofore held *in custodia legis*. The applicant has appealed from the order quashing the writ of execution and pending the determination of said appeal a writ of *supersedeas* is sought "staying all proceedings in the above-entitled matter" and directing "that if the said sheriff has released from levy the property of the defendant . . . to re-levy thereon and keep the same intact until the determination of this appeal."

The respondents oppose the application on the ground that this is not a proper case for the issuance of a writ of *supersedeas*.

[1] This court in the case of *Imperial Water Co.*, v. *Hall*, 199 Cal. 556 [250 Pac. 394], recently had occasion to consider the nature, scope, and purpose of a *supersedeas*. A reading of the opinion in that case and the authorities cited and quoted from therein reveals that a writ of *supersedeas* may be granted in a proper case only to restrain and prevent the *enforcement* of a judgment or order *by the court below or its officers* pending an appeal therefrom. If the judgment or order appealed from is self-executing and "no process is required to be issued for its enforcement no *supersedeas* is allowed." (*Tyler* v. *Presley*, 72 Cal. 290 [12 Pac. 289, 13 Pac. 169]; *Dulin* v. *Pacific Wood & Coal Co.*, 98 Cal. 304 [33 Pac. 123]; *Imperial Water Co.* v. *Hall*, *supra.*)

In the instant case the order appealed from is complete and final in itself and no process of the court below is required to be issued for its enforcement, for it is settled that

"when an execution is quashed, any levy made pursuant thereto falls with it, and any title to the property vested in the sheriff by the levy is defeated." (*Wellington* v. *Sedgwick,* 12 Cal. 469, 475; *Buffandeau* v. *Edmondson,* 17 Cal. 436, 442 [79 Am. Dec. 139]; see, also, 11 Cal. Jur. 61, sec. 18.) If the sheriff, in violation of the court order, continues in possession of the property he does so unlawfully and without right, in the absence of some other process in his hands which would justify his action.

[2] It is apparent, therefore. that an order quashing execution has an intrinsic effect and is self-executing. Process is not required for the enforcement of such an order and pending the determination of an appeal therefrom a writ of *supersedeas* may not properly be issued.

For the foregoing reasons the application for a writ of *supersedeas* is denied and the temporary stay heretofore granted by this court is hereby terminated and ended.