[Civ. No. 7544. First Appellate District, Division Two.—September 10, 1930.]

PAINLESS PARKER, Appellant, v. THE BOARD OF DENTAL EXAMINERS OF THE STATE OF CALIFORNIA et al., Respondents.

Harry Keyser and John C. Stevenson for Appellant.

Jesse W. Carter and Annette Abbott Adams for Respondents.

NOURSE, P. J.—Pending an appeal from a judgment of the superior court affirming an order of respondents sus-

pending petitioner's license to practice dentistry the petitioner has moved this court for a writ of *supersedeas*.

The petitioner relies upon the express provisions of section 4b of article VI of the Constitution, which confers jurisdiction upon the District Courts of Appeal to issue "all other writs necessary or proper to the complete exercise of their appellate jurisdiction." The respondents reply that, notwithstanding these express provisions of the Constitution, the rule of decision is that "*Supersedeas* will issue only to restrain the court below or its officers" and that it "will not issue to restrain or prevent a party from acting or proceeding under a judgment from which an appeal has been duly taken where no process of or action by the court below is involved." (*In re Imperial Water Co.,* 199 Cal. 556–558 [250. Pac. 394, 395].)

Many authorities following the same rule are cited, including *Wood* v. *Board of Fire Commrs.,* 50 Cal. App. 594, 596 [195 Pac. 739, 740], where the District Court, in denying *supersedeas* in an appeal from a judgment denying prohibition, said: "Thus, by rule and practice, we are divested of a power which the Constitution has expressly conferred."

The parties agree that there is no authority in this state expressly covering the point at hand, as none of the cases cited involve a proceeding in *certiorari*. For that reason the petitioner urges that we should issue a writ of *supersedeas,* or some "other" writ, in order to preserve the *status quo* pending the appeal. There would seem to be some merit in the position of petitioner in view of section 1076 of the Code of Civil Procedure, which requires the clerk to transmit a copy of the judgment to the tribunal whose proceedings were under review. This is in the nature of a writ of execution which might be restrained pending an appeal. But the record here does not disclose whether this duty of the clerk has been performed and we are not permitted to assume that it has not. If we were required to determine the question of the application of the constitutional section to proceedings in *certiorari* we would be inclined to hold that ordinarily a stay of proceedings of the inferior tribunal under review was just as essential pending appeal as before judgment and that when the legislature authorized a stay in the latter case (sec. 1071, Code Civ.

Proc.) the Constitution contemplated similar action pending appeal. If we should be in error in that event we would have the Constitution on our side at least.

But it is not necessary for us to conjecture what the rule of decision on this point will ultimately be. The order of respondents under review decreed a suspension of petitioner's license for a period of five years "from and after the second day of January, 1930." The operation of the order was suspended by the injunction of the superior court entered December 30, 1929. The judgment of the superior court, which is here on appeal and which affirmed the order, was entered June 16, 1930. Thus, the original order is inoperative until some affirmative action is taken by the respondents. In support of the motion the appellant urges that ·the respondents will harass him unless restrained, but we may not assume that they will use any unlawful means to cause appellant damage pending the determination of the appeal and if any legal proceedings are instituted to enforce the order the appellant has an adequate remedy under the rule of the cases cited.

For these reasons the motion is denied.

Sturtevant, J., and Spence, J., concurred.