[Civ. No. 8884. First Appellate District, Division One.—April 22, 1933.]

A. F. ERICKSON, Appellant, v. THE MUNICIPAL COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

328

Stanley Burke for Petitioner.

Ralph C. Curren for Respondents.

THE COURT.—A petition for a writ of *supersedeas*.

It appears that an abstract of a judgment recovered against petitioner in the Municipal Court of the City of Los Angeles was filed in the office of the clerk of the Municipal Court in and for the City and County of San Francisco, and that an execution issued thereon to the sheriff of said city and county. Following this certain personal property belonging to petitioner was levied upon and seized by the sheriff. Petitioner thereupon applied for and there was issued by the Superior Court in and for said city and county a writ of *certiorari*. It was alleged in support of the application that the Municipal Court of said city and county was without jurisdiction to issue the execution. The Superior Court directed that all proceedings be stayed in the Municipal Court pending the hearing of said proceeding in *certiorari*, and a notice of such stay was served on the sheriff. On December 5, 1932, the last-named court entered its judgment affirming the proceedings in the Municipal Court, and on December 7, 1932, an appeal was taken from the judgment to this court.

On March 7, 1933, following the appeal, the sheriff, over objection by petitioner, sold the property under said execution and the same was bid in by the judgment creditor.

 In certain cases an appellate court has inherent power to issue a writ of *supersedeas* to preserve the *status quo* of the subject of the litigation until the final disposition of the matter on appeal (*Ohaver* v. *Fenech*, 206 Cal. 118 [273 Pac. 555]; *Rosenfeld* v. *Miller*, 215 Cal. 560 [15 Pac. (2d) 161]); but it seems to be well settled that where the judgment or order appealed from is self-executing—as is the case here—and no process is required for its enforcement, no

*supersedeas* is allowed (*Hulse* v. *Davis,* 200 Cal. 316 [253 Pac. 136] ; *Imperial Water Co.* v. *Hall,* 199 Cal. 556 [250 Pac. 394] ; *Tyler* v. *Presley,* 72 Cal. 290 [13 Pac. 856] ; *Wood* v. *Board of Fire Commrs.,* 50 Cal. App. 594 [195 Pac. 739] ; *In re Graves,* 62 Cal. App. 168 [216 Pac. 386] ; *Lickley* v. *County Board of Education,* 62 Cal. App. 527 [217 Pac. 133]).

It also appears that before the application for *supersedeas* was filed the sale had been made. Such a sale, although in violation of a previous order of the superior court, would not be void (*Bagley* v. *Ward,* 37 Cal. 121 [99 Am. Dec. 256] ; *Powell* v. *Bank of Lemoore,* 125 Cal. 468 [58 Pac. 83] ; and the writ of *supersedeas* not being retroactive in its operation cannot undo what has already been done (*Hoppe* v. *Hoppe,* 99 Cal. 536 [34 Pac. 222] ; *Smith* v. *Smith,* 91 Cal. App. 743 [267 Pac. 709]).

For these reasons the application for a writ of *supersedeas* is denied and the temporary stay heretofore granted by this court is terminated.