[Civ. No. 1490. Fourth Appellate District.—November 29, 1933.]

THE PEOPLE ex rel. C. F. BOARTS, Respondent, v. THE CITY OF WESTMORELAND (a Municipal Corporation), Appellant.

P. N. Myers for Appellant.

U. S. Webb, Attorney-General, Ernest R. Utley and Whitelaw & Whitelaw for Respondent.

JENNINGS, J.—Petition for a writ of *supersedeas*. Petitioner City of Westmoreland has appealed to this court from a judgment of the Superior Court of Imperial County in the above-entitled action which is a proceeding in *quo warranto* instituted by the attorney-general for the purpose of testing the legality of the proceedings under which the said city was incorporated and seeking a decree declaring that the incorporation was illegal. The petition alleges that the city was incorporated as a municipal corporation of the sixth class on April 11, 1932; that the action in *quo warranto* was commenced on May 5, 1932; that thereafter said action was tried and upon the conclusion of the trial a judgment was entered whereby it was decreed that petitioner had never been lawfully incorporated as a city of the sixth class or otherwise; that the rendition of said judgment tends to hinder and embarrass petitioner and its officers in the administration of municipal affairs and in the collection of revenue and in the payment of its obligations; that peti-

tioner has been in existence as a municipal corporation since April 11, 1932, and has established its governmental machinery and has operated and is continuing to operate its municipal government without interruption, but that unless further proceedings in conformity with the judgment are stayed by the issuance of the writ of *supersedeas* pending the appeal, the opponents of incorporation threaten to and will take steps to nullify and abolish completely the city government before petitioner's rights can be established or the validity of the judgment can be determined.

That portion of the judgment which is pertinent to the problem here presented is in the following language:

"Ordered, adjudged and decreed that the proposed city of Westmoreland, herein denominated as defendant, has never been, nor is it now lawfully and properly incorporated as a city of the sixth class, or otherwise, and it is hereby declared and determined that said city has been, and is now, without authority of law exercising the rights and privileges of a city of the sixth class, and usurping the franchise of such city; and it is therefore further ordered, adjudged and decreed that all acts purporting to be under the authority of said city are, and each of them is, hereby enjoined and prohibited."

It is settled that, in certain cases, an appellate court has inherent power to issue a writ of *supersedeas* to preserve the *status quo* of the subject of the litigation until final disposition of the matter on appeal (*Ohaver* v. *Fenech,* 206 Cal. 118 [273 Pac. 555]; *Rosenfeld* v. *Miller,* 216 Cal. 560 [15 Pac. (2d) 161]). However, it is equally well settled that, when the judgment or order from which an appeal has been taken is self-executing and no process is required for its enforcement, the writ of *supersedeas* will not issue (*Tyler* v. *Presley,* 72 Cal. 290 [13 Pac. 856]; *Imperial Water Co.* v. *Hall,* 199 Cal. 556 [250 Pac. 394]; *Hulse* v. *Davis,* 200 Cal. 316 [253 Pac. 136]; *Wood* v. *Board of Fire Commrs.,* 50 Cal. App. 594 [195 Pac. 739]; *In re Graves,* 62 Cal. App. 168 [216 Pac. 386]; *Erickson* v. *Municipal Court,* 131 Cal. App. 327 [21 Pac. (2d) 480]).

We entertain the opinion that the judgment whose effect is sought to be stayed by the issuance of the writ of *supersedeas* is self-executing and that no process is required for its enforcement and that the rule announced by the

authorities last cited is therefore applicable. As was aptly declared in *Tyler* v. *Presley, supra,* "When the judgment is rendered, and no process is required to be issued for its enforcement, no *supersedeas* is allowed. In fact, there is no necessity for such a writ. There is nothing to stay or supersede. . . . "

Petitioner, however, contends that the judgment rendered by the trial court in the *quo warranto* action, although prohibitory in form, is mandatory in substance, and that petitioner is entitled to the issuance of the writ in accordance with the provisions of section 949 of the Code of Civil Procedure. It is further contended that petitioner is entitled to the issuance of the writ although no undertaking on appeal has been filed, since petitioner is a city and is therefore relieved by statute from the necessity of filing any undertaking on appeal (sec. 1058, Code Civ. Proc.).

It is conceded by respondent that, if the judgment, though framed in the language of prohibition, is in reality mandatory, requiring petitioner to take some affirmative action, petitioner's contention is well based and the application may properly be granted. It is, however, urged that the judgment is purely prohibitory in substance as well as in form.

Petitioner's argument in support of its contention that the judgment is mandatory in substance is that the decree effectually changes the status which was enjoyed by petitioner at the time the judgment was rendered. It is said that, at this time, petitioner was an established municipality, fully equipped with the necessary governmental machinery required for its maintenance, and that the judgment, if permitted to continue in effect, pending the appeal, has so seriously disturbed the *status quo* of petitioner that every act of the municipal officers is thereby rendered nugatory and that the effect of the judgment is to destroy petitioner's very existence as a municipality. It is urged that this effect necessarily flowing from the judgment conclusively establishes the mandatory character of the decree, for a purely prohibitory judgment looks to the future and does not disturb the relative position or rights of the parties.

The answer to this contention is that respondent has never conceded nor has it been established that petitioner ever enjoyed the status of a legally constituted municipality.

Within thirty days after petitioner's incorporation the proceedings in *quo warranto* were instituted. These proceedings challenged the creation of petitioner from its inception and sought the rendition of a judgment that petitioner had never legally come into existence. Such a decree has been rendered adjudging that petitioner was not legally created and has never enjoyed a lawful existence. The judgment necessarily relates back to the date of incorporation and petitioner's status which is affected by the judgment is its status on the date on which it claimed that it came into existence as a municipality. If, at the time of its alleged incorporation, it was not legally incorporated, its legal status subsequent to that time has not been changed by the judgment. For the purposes of this decision, it must be assumed that the trial court was justified in arriving at the conclusion that petitioner was never legally created.

In support of the contention that the judgment is mandatory in substance, it is urged that the language of the decree necessarily contemplates further action by the court in winding up the affairs of the municipality. The answer to this argument is that whatever affirmative action may be required to effect final disposition of the municipality and its affairs will necessitate the institution of some independent proceeding. The *quo warranto* action sought nothing more than the rendition of a judgment establishing that petitioner had never been lawfully incorporated. Such a judgment has been rendered and its effect is essentially negative in character.

It may be observed, in conclusion, that the fact that contempt proceedings may be instituted pending the appeal from the judgment is not material to the problem which is here presented (*Wolf* v. *Gall*, 174 Cal. 140 [162 Pac. 115] ; *In re Graves*, 62 Cal. App. 168 [218 Pac. 386]).

For the foregoing reasons the petition is denied.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 21, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 25, 1934.