[S. F. No. 16214. In Bank.—February 27, 1939.]

OSCAR SELTZER, Appellant, v. MUSICIANS' UNION LOCAL No. 6 et al., Respondents.

Milton Marks and Morris Lowenthal for Appellant.

Clarence E. Todd and Henry C. Todd for Respondents.

THE COURT.—This is an application for a writ of *supersedeas*. The petitioner is conducting a roller derby in San Francisco. A controversy arose between him and the respondent Musicians' Union in the course of which, on February 4, 1939, he filed in the superior court a complaint praying for an injunction to restrain the defendants in said action, respondents herein, from interfering with the conduct of the plaintiff's business. Upon the filing of the complaint the presiding judge of the superior court issued an order

requiring the defendants to show cause on February 9, 1939, if any they had why they should not be enjoined from doing the acts complained of, and, as a part of the same order, issued a temporary restraining order pending the hearing. The order to show cause came on for hearing and was held on February 9, 10 and 14, 1939, in the law and motion department of said court, at the conclusion of which the defendants moved the court to vacate the temporary restraining order theretofore issued. This motion was granted on February 16th, whereupon the plaintiff filed a notice of appeal from said order and commenced this proceeding for a writ of *supersedeas* ''to preserve the *status quo*'' of the action pending the appeal. Upon the filing of said application an order was issued by this court requiring the respondents to show cause on February 23d, why the writ of *supersedeas* should not issue as prayed.

 Upon the consideration of the return and the authorities presented therewith it is concluded that the order of the superior court vacating the temporary restraining order became effective immediately upon its entry and was self-executing; that no proceeding or other process of the superior court is pending or outstanding upon which the writ of *supersedeas* may appropriately operate within the rule laid down in *In re Imperial Water Co. No. 3* v. *Hall,* 199 Cal. 556 [250 Pac. 394]; *Hulse* v. *Davis,* 200 Cal. 316 [253 Pac. 136], and other similar cases (see 10 Cal. Jur. Ten-Year Supp., p. 461). To grant the writ would, in effect, grant an injunction which the trial court had refused. (*McCann* v. *Union Bank & Trust Co.,* 4 Cal. (2d) 24 [47 Pac. (2d) 283]; *Wollenshlager* v. *Riegel,* 186 Cal. 622 [200 Pac. 726]; *Southern Pac. Co.* v. *Smith,* 171 Cal. 8 [151 Pac. 426].)

The order to show cause is discharged and the petition for the writ is denied.