[Civ. No. 16034. Second Dist., Div. One. July 14, 1947.]

DOLORES SOLORZA, Appellant, v. PARK WATER COMPANY (a Corporation) et al., Respondents.

Manuel Ruiz, Jr., for Appellant.

Overton, Selig & Wilson and Paul Overton for Respondents.

WHITE, J.—On June 10, 1947, petitioner and appellant herein filed his petition for a writ of supersedeas, whereupon this court ordered that respondents show cause on June 23, 1947, why such writ should not issue and further ordered that all proceedings to enforce the judgment be stayed pending final determination of the application.

From the petition it appears that petitioner was the plaintiff in an action in his own behalf and on behalf of other shareholders in the Mutual Water Company of El Jardin Tract against Park Water Company and the officers and directors of the Mutual Water Company seeking rescission of a contract whereby the Mutual Water Company sold its entire assets to Park Water Company. The ground upon which rescission was sought was that the meeting of the Mutual Water Company shareholders at which the sale was ratified was illegally called, the notice of such meeting having been promulgated solely by means of handbills.

The trial court found that the sale was made in consideration of the payment by Park Water Company of $18,800, $4,300 of which was to be used to liquidate the outstanding indebtedness of the Mutual Water Company, and the balance to be used in improving the water system; that following such sale the Park Water Company took possession of the system and operated it as a public utility water system, furnishing water to the shareholders in the Mutual Water Company and other consumers in the area involved; that of the $14,500 to be used for improvements the Park Water Company had expended $6,763.39 for such purpose. The court further found that proper notice of the shareholders' meeting was not given; that a majority of shareholders was not present

at the meeting; and that the transfer to Park Water Company was without the consent of a majority of the shareholders of Mutual Water Company. The court thereupon entered its judgment decreeing that the purported sale be rescinded "upon condition" that within 60 days the Park Water Company be paid the sum of $4,300 plus all moneys expended by it for improvements and additions to the system, and that upon such payment Park Water Company account for profits, if any, made by it while holding possession of the system and restore the system to Mutual Water Company; and that upon compliance with the aforesaid conditions "final judgment of rescission shall be entered herein." After the expiration of the 60-day period, plaintiff having failed to comply with the conditions of the interlocutory judgment, the court entered a final judgment, reciting the failure of plaintiff to comply with the terms of the interlocutory judgment, and adjudging "that plaintiff take nothing either individually or on behalf of all or any stockholders of said Mutual Water Company. . . ." From such final judgment plaintiff appealed. Since the sale, Park Water Company has been in possession of the water system and has been furnishing water to the consumers at a flat rate of $1.50 per month.

The ground upon which petitioner seeks a writ of supersedeas is set forth in his petition as follows:

". . . that the Park Water Company has sent notices to shut off the water supply of the dissident stockholders whose names appear on attached writing marked Exhibit 'A.' That said persons whose names appear on said Exhibit 'A' have nevertheless heretofore been paying the regular water rate into a trust fund pending the outcome of the appeal, so that in the event said appeal is lost the said Park Water Company will suffer no damage whatsoever . . . said water Company, as aforesaid, is about to and has already commenced to shut off the water service to the homes and families of said dissident stockholders."

In answer to the petition, respondent, Park Water Company, asserts that it is not invoking any process of the court for the enforcement of the judgment and points out that the final judgment is that plaintiff take nothing against the defendant company, and that "the effect of this is that rescission is denied because of plaintiff's refusal to comply with the rule of equity that restoration be first made by the party seeking rescission. Petitioner sought the appointment of a receiver, but that was denied by the trial court. No pro-

visional relief was granted him by the trial court." Petitioner alleges that some of the dissident stockholders whose water supply has been shut off for nonpayment of the $1.50 per month charge have reconnected their lines and that respondent has threatened to apply to the superior court for an injunction against such reconnecting.

 It has been repeatedly held that a writ of supersedeas will not issue to restrain or prevent a party from acting or proceeding under a judgment from which an appeal has been taken, where no process of, or action by, the court below is involved. (*City of South Gate* v. *City of Los Angeles,* 6 Cal.2d 593, 595 [58 P.2d 1288]; *In re Imperial Water Co. No. 3,* 199 Cal. 556 [250 P. 394]; *People* v. *City of Westmoreland,* 135 Cal.App. 517 [27 P.2d 394].) In the last-cited case an appeal was taken by a city from a judgment in a quo warranto proceeding declaring that the city had never been lawfully incorporated. In denying a supersedeas, the court said:

"It is settled that, in certain cases, an appellate court has inherent power to issue a writ of *supersedeas* to preserve the *status quo* of the subject of the litigation until final disposition of the matter on appeal (*Ohaver* v. *Fenech,* 206 Cal. 118 [273 P. 555]; *Rosenfeld* v. *Miller,* 216 Cal. 560 [15 P.2d 161]). However, it is equally well settled that, when the judgment or order from which an appeal has been taken is self-executing and no process is required for its enforcement, the writ of *supersedeas* will not issue . . . (citing cases). . . ."

"We entertain the opinion that the judgment whose effect is sought to be stayed by the issuance of the writ of *supersedeas* is self-executing and that no process is required for its enforcement and that the rule announced by the authorities last cited is therefore applicable. . . ."

In the case of *In re Imperial Water Co. No. 3, supra,* it was said (quoting from *Dulin* v. *Pacific W. & C. Co.,* 98 Cal. 304 [33 P. 123]): "It [the writ of *supersedeas*] cannot be used to perform the functions of an injunction against the parties to the action, restraining them from any act in the assertion of their rights, other than to prevent them from using the process of the court below to enforce the judgment. . . . Its effect is merely 'to leave the parties to the judgment in the same position as they were prior to its entry, and to prevent the appellant from being prejudiced by its enforcement. There are many judgments however, which are self-executing, or which have an intrinsic effect, upon which there

are no proceedings to be stayed, and which will not be affected by an appeal therefrom. . . .''

And in *McCann* v. *Union Bank & Trust Co.*, 4 Cal.2d 24, 27 [47 P.2d 283] it was said: ''This court has repeatedly denied the existence of original jurisdiction in injunction matters, refusing on that ground to grant temporary injunctive relief pending appeals from orders denying an injunction . . . (citing cases) . . .; to issue a *supersedeas* where the 'effect would be that this court would grant the injunction which the court below refused to grant' . . . (citing cases) . . .; or to stay the effect of a self-executing judgment. . . .''

■ The present cause falls within the scope of the principles above set forth. Prior to the commencement of the action the respondent, Park Water Company, was in possession of the property, pursuant to a sale. Plaintiff by his action sought a judicial rescission of such sale. Rescission was denied because plaintiff declined to comply with the terms imposed by the trial court. In other words, because the plaintiff refused to accept the conditions imposed, the trial court by its judgment declined to grant any relief or disturb the *status quo* theretofore existing. The judgment required no process for its enforcement. So far as here pertinent it decreed neither a change of possession nor the payment of money. To stay any process that might be issued under the judgment would be an idle act, as there is nothing to supersede. ■ The purpose of the writ of supersedeas is to maintain the *status quo* that existed before the entry of the judgment, but in this cause the judgment does not purport to change the *status quo,* but confirms it. The *status quo* remains the same after entry of judgment as it was at the time of commencement of the action. It must be held that the judgment herein falls into the classification of those described in the above-cited authorities as ''self-executing.''

■ The writ of supersedeas does not operate to set aside a judgment, but merely to stay the enforcement of it by process of the court. Such a stay would not operate to alter the rights of respondent, Park Water Company, as the party in possession of the water system in dispute, but would merely leave the parties as they were before the entry of the judgment appealed from. The respondent water company would still be in possession. ■ Should a writ be issued in such form as to purport to restrain Park Water Company from discontinuing its service to nonpaying dissident shareholders,

such a writ would be in effect an injunction, falling directly within the interdiction of *McCann* v. *Union Bank & Trust Co., supra,* to the effect that an appellate court may not issue a supersedeas where the ''effect would be that this court would grant the injunction which the court below refused to grant.''

Moreover, petitioner has not succeeded in showing that in the absence of a supersedeas he, or the shareholders he represents, will be deprived of the fruits of a successful appeal. It is admitted that the respondent, Park Water Company, is financially sound. The object of the appeal is to secure rescission of the sale without being obliged to pay to respondent sums allegedly expended by it in improvement of the system. By its interlocutory decree the trial court provided that upon payment of the amounts required as a condition of rescission the Park Water Company should account to the Mutual Water Company for the profits, if any, made by Park Water Company while the system was in its possession. This provision would appear to be adequate to protect the dissident shareholders. The only burden placed on them pending the appeal is that they must pay $1.50 per month for water service. Prior to the sale they had the burden of maintaining a water company that was $4,300 in debt.

Were we to issue the writ of supersedeas prayed for herein, we cannot perceive how it would operate to stay any order or process of the court, but in effect it would amount to an injunction to restrain respondent, Park Water Company, a public utility water corporation, from collecting charges for water service under rates, rules and regulations adopted by the Public Utilities Commission of the State of California, which commission has sole jurisdiction over such matters. We are not authorized to resort to the writ to perform the functions of an injunction (*Rose* v. *Mesmer*, 131 Cal. 631, 634 [63 P. 1010]). With reference to appellant-petitioner's claim that defendant-respondent Park Water Company has threatened to shut off the water supply of the dissident shareholders unless they pay for water service, such action does not indicate that the court is in any respect seeking to enforce its judgment. Being under the jurisdiction of the Public Utilities Commission of the State of California, defendant-respondent, Park Water Company, may not discriminate as between customers receiving the same character of service, and is therefore required to collect from the dissident shareholders rates and charges, and to furnish them service and facilities, in conformity with the

charges made, and the services and facilities furnished, to other water users. (Public Utilities Act, § 19; 2 Deering's Gen. Laws, Act 6386.)

The order to show cause and temporary restraining order heretofore issued in connection therewith on June 10, 1947, are and each is discharged. The petition for a writ of supersedeas is denied.

York, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 8, 1947.